CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

NOV - 9 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:01-cr-70056-4 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| SHERMAN J. FOYE, | ) | By: Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Sherman J. Foye, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. This matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. After reviewing the record, I dismiss the motion as untimely filed.

**I.**

I entered petitioner's criminal judgment on February 21, 2002, sentencing petitioner to, inter alia, 240 months' incarceration for conspiring to and actually selling, distributing, or dispensing crack cocaine. Petitioner did not appeal.

Petitioner sent the court a letter in September 2012, which the court considered to be challenging his sentence, pursuant to 28 U.S.C. § 2255. The court conditionally filed the letter, advised petitioner that the court intended to address the letter under § 2255, advised him that a § 2255 motion appeared to be untimely filed, gave him the opportunity to explain why the court should consider a § 2255 motion as timely filed, and gave him a form § 2255 motion for him to raise any additional claims, pursuant to Castro v. United States, 540 U.S. 735 (2003). Petitioner subsequently filed a verified § 2255 motion, arguing that the motion is timely filed because of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and because "this motion falls outside the score of the waiver in [his] plea agreement."

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences by filing a motion, pursuant to 28 U.S.C. § 2255, within the one-year limitations period. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's criminal judgment became final in March 2002 when the time expired for petitioner to appeal. See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Accordingly, for purposes of § 2255(f)(1), petitioner had until March 2003 to timely file his § 2255 motion, but he did not file the instant motion until September 2012. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

Liberally construed, petitioner argues that his motion should be considered timely filed because Simmons triggers the filing period. See 28 U.S.C. § 2255(f)(3) (allowing the limitations period to start on the date on the Supreme Court initially recognized the specific right if that right retroactively applies to § 2255 proceedings). However, § 2255(f)(3) specifically applies only to

2

rights newly recognized by a decision from the United States Supreme Court, not a decision by a United States Court of Appeals. Thus, Simmons does not affect the statute of limitations, and petitioner filed the instant motion more than one year after March 2002.[1] Petitioner fails to establish how the scope of petitioner's plea agreement has any bearing on § 2255(f). Accordingly, petitioner untimely filed his § 2255 motion because more than one year passed since his convictions became final, pursuant to § 2255(f)(1).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). I do not find any extraordinary circumstance in the record that prevented petitioner from filing a timely § 2255 motion. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll the limitations period). Accordingly, I find that petitioner filed his § 2255 motion beyond the one-year limitations period, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

---

[1] Simmons is based on the Supreme Court of the United States' decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2586-87 (2010). Petitioner's § 2255 motion would be untimely even if he argued that Carachuri-Rosendo was the Supreme Court's decision that started his limitations period, pursuant to § 2254(f)(3). I have not found any court's decision holding that Carachuri-Rosendo applies retroactively to § 2255 proceedings. See, e.g., United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012) (holding that Carachuri-Rosendo does not retroactively apply to § 2255 proceedings). Furthermore, Carachuri-Rosendo was issued on June 14, 2010, and petitioner would have had until June 14, 2011, to challenge his sentence pursuant to its holding.

3

## III.

For the foregoing reasons, petitioner's 28 U.S.C. § 2255 motion is dismissed as untimely filed, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 9th day of November, 2012.

Senior United States District Judge